OMAHA FIRE INSURANCE COMPANY V. ANNA SINNOTT.

FILED APRIL 8, 1898. No. 7953.

Insurance: UNOCCUPIED HOUSE: EVIDENCE: REVIEW. Where a tenant had only removed a portion of his furniture from an insured tenement house at the time of its destruction by fire, the finding of a jury adverse to the contention of the insurance company that at the time of the loss the house was unoccupied, in violation of the terms of the policy, will not be disturbed as being without sufficient evidence to sustain it.

ERROR from the district court of Dakota county. Tried below before NORRIS, J. *Affirmed.*

*Jacob Fawcett* and *William P. Warner*, for plaintiff in error.

*J. J. McCarthy*, contra.

RYAN, C.

There was a judgment in the district court of Dakota county for the value of a house destroyed by fire, on which house the defendant in error held a policy of insurance, issued by the plaintiff in error. In the policy, as well as in the original petition, the lots on which the insured house stood were described as lots 1 and 2, block 12, in Jackson. The correct description was lots 1 and 2, block 12, Hedge's Addition to Jackson. After issues had been joined, the plaintiff in the district court obtained leave to file an amendment to her petition. In this amendment she recited that, in the policy, the house had been described as standing on lots 1 and 2, block 12, Jackson, by mistake and inadvertence, and that the true description, and the one intended, was lots 1 and 2, block 12, Hedge's Addition to the town of Jackson. There was in the amendment a prayer for the reformation of the policy so as to express the real intention of the parties thereto. To this amendment there was no an-

swer, and the district court properly treated the averments thereof as being uncontradicted.

The chief complaint of the insurance company is that there was a warranty by the insured that her house was, and should continue to be, occupied, and that this warranty was broken by reason of the house becoming unoccupied before, and continuing to be vacant until, the fire. The evidence most favorable to this contention was, in effect, that while the policy was in force, to-wit, about July 11, 1894, the owner of the insured property notified her tenant to vacate it; that immediately thereafter the tenant began to remove his furniture to another house, to which he went with his family. When the fire took place, however, he had not yet removed his cook-stove and some other personal property. Under these conditions we cannot say that the jury improperly concluded, from a consideration of the evidence, that the house was not unoccupied at the time of the fire. The testimony was that the loss was total, and the provisions of the valued policy law were, therefore, held properly applicable. The judgment of the district court is, therefore,

AFFIRMED.